IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 04-cv-02033-WYD

RYAN M. JOHNSON,

     Applicant,

v.

H. A. RIOS,

     Respondent.

---

## ORDER DENYING 28 U.S.C. § 2241 APPLICATION

---

Applicant Ryan M. Johnson is a prisoner in the custody of the United States

Bureau of Prisons (BOP) who currently is incarcerated at the Federal Prison Camp in

Florence, Colorado.  Mr. Johnson initiated this action by filing **pro se** an application for

a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting brief

challenging the BOP's method of calculating the credits for good conduct time he may

earn while incarcerated.  On October 26, 2004, I ordered the respondent to show cause

why the application should not be granted.  On November 9, 2004, the respondent filed

an answer to both the show cause order and the habeas corpus application.  On

November 24, 2004, Mr. Johnson filed a reply to the respondent's answer.  On

December 8, 2004, the respondent filed a supplemental answer.

I must construe liberally the application and supporting brief because Mr.

Johnson is representing himself.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  After reviewing the entire file, I find that an evidentiary hearing is not necessary.  For the reasons stated below, the habeas corpus application will be denied.

I. Background

The material facts in this action are not disputed.  Mr. Johnson is serving a 210-month sentence for various federal drug and firearms convictions in the United States District Court for the Eastern District of Michigan.  The BOP has determined that Mr. Johnson will complete his prison sentence and be released on November 2, 2006, based upon the amount of time he has served and assuming he earns the maximum 827 days of good-conduct-time credits.

Mr. Johnson contends that the BOP's method of calculating good conduct time credits violates 18 U.S.C. § 3624(b)(1) and that, under the proper interpretation of that statute, he is eligible to earn an additional 123 days of good conduct time credits for a total of 950 days.  He requests that his projected release date be recalculated to reflect the additional credits for good conduct time.  He has exhausted BOP administrative remedies prior to initiating this action.

II. Discussion

The only question before me is whether the BOP's method of computing good conduct time credits violates 18 U.S.C. § 3624(b)(1).  To answer this question I first must determine if Congress has spoken directly to the precise question at issue in such a way that the intent of Congress is clear.  *See Chevron v. Natural Resources*

*Defense Counsel, Inc.*, 467 U.S. 837, 842 (1984).  If Congress has not spoken directly to the precise question at issue, such as when a statute is silent or ambiguous, I must determine whether the BOP's interpretation "is based on a permissible construction of the statute." *Id.* at 843.  In making this determination, "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer." *Id.* at 844.  The United States Court of Appeals for the Tenth Circuit has not yet addressed this particular issue.

The statute in question, § 3624(b)(1), provides in relevant part as follows:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.  Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. . . . Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Mr. Johnson contends that the phrase "term of imprisonment" in § 3624(b)(1) refers to the length of the sentence imposed.  The BOP, on the other hand, interprets "term of imprisonment" to mean the actual time an inmate serves in prison.  One district court judge has described this dispute as follows:

> the pivotal clause in § 3624(b) is the one stating that an inmate may earn up to 54 days of good conduct time "at the end of each year of the prisoner's term of imprisonment." That clause raised the question whether the phrase "term of imprisonment" means "sentenced [sic] imposed" or "time served." If "term of imprisonment" refers to the sentence, an inmate's maximum potential good conduct time could be calculated by multiplying 54 days by the number of years in the sentence. In this case, petitioner would have been eligible to earn up to 540 days against his sentence (54 days x 10 years = 540 days). However, if a term of imprisonment is defined by the inmate's actual time served, the number of good time credits that could be earned would be reduced and a more complicated calculation would be required because an inmate that earns good time will not actually serve his full sentence.

*White v. Scibana*, 314 F. Supp. 2d 834, 837 (W.D. Wis. 2004). In *White*, the court concluded that the phrase "term of imprisonment" is not ambiguous and refers to the sentence imposed rather than the amount of time the inmate actually serves. *Id.* at 841. However, on December 2, 2004, the United States Court of Appeals for the Seventh Circuit reversed the district court decision in *White*. *See White v. Scibana*, 390 F.3d 997 (7th Cir. 2004). In so doing, the Seventh Circuit held: (1) that the statutory phrase "term of imprisonment" is ambiguous in this context; (2) that to interpret "term of imprisonment" to mean sentence imposed does not make sense in light of the language of the statute; (3) that the BOP's interpretation of § 3624(b)(1) is reasonable; and (4) that the BOP's interpretation therefore is entitled to deference under *Chevron*. *Id.* at 1001-03.

The United States Court of Appeals for the Ninth Circuit has ruled similarly. It held that "term of imprisonment" is ambiguous because the language of § 3624(b) does

not make clear whether the sentence imposed or the time served should be the basis of credits for good conduct time. *See Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001).  Interpreting § 3624 to mean sentence imposed would "confer upon the prisoner a bonus during his last year of imprisonment." *Id.* at 1269.  It would, in effect, allow Mr. Johnson to receive credit for time he never served or for satisfactory, behavioral compliance yet to be demonstrated.  *See id.* at 1268-69.  Logically, Mr. Johnson's interpretation conflicts with the statute's plain language, which requires the BOP to credit the inmate only at the end of each year.  18 U.S.C. § 3624(b)(1).  Circuits in addition to the Seventh and Ninth also agree that the phrase "term of imprisonment" is ambiguous.  *See Brown v. McFadden*, 416 F.3d 1271, 1272-73 (11th Cir. 2005); *Yi v. Federal Bureau of Prisons*, 412 F.3d 526, 533 (4th Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir. 2005); *Sample v. Morrison*, 406 F.3d 310, 313 (5th Cir. 2005), and *Perez-Olivo v. Chavez*, 394 F.3d 45, 52-53 (1st Cir. 2005).

My prior opinion in *Brown v. Rios*, No. 04-cv-01560-WYD (D. Colo. Sept. 30, 2004), rejected an argument identical to the one asserted here by Mr. Johnson.  In *Brown*, I denied the applicant's habeas corpus application and rejected the argument that the phrase "term of imprisonment" unambiguously refers to the total length of sentence imposed.  In dismissing the claim, I found that the phrase "term of imprisonment" was in fact ambiguous because it may refer either to the sentence imposed or to the time actually served.  *Id.* at 5-6.

Having decided that the statute is ambiguous, the second prong of *Chevron* requires me to determine if the BOP's calculation of credits for good conduct time is

"based on a permissible construction of the statute." *See Pacheco-Camacho*, 272 F.3d at 1270 (citation and internal quotation marks omitted).  As I noted in *Brown*, I also agree with those courts that have determined the BOP's interpretation of § 3624(b)(1) is a permissible construction of that statute.  *See Pacheco-Camacho*, 272 F.3d at 1270-71; *Brown v. Hemingway*, No. 02-1948, 2002 WL 31845147 (6th Cir. Dec. 16, 2002) (unpublished); *Graves v. Bledsoe*, 334 F. Supp. 2d 906, 908 (W.D. Va. 2004); *Pasciuti v. Drew*, No. 9:04-CV-043 (LEK), 2004 WL 1247813 at *5-6 (N.D.N.Y. June 2, 2004); *Martinez v. Wendt*, No. 3:03-CV-0826-L, 2003 WL 22456808 at *3 (N.D. Tex. Oct. 24, 2003) (Mag. Report and Recommendation), *adopted by the district court*, No. 303CV0826-L, 2003 WL 22724755 (N.D. Tex. Nov. 18, 2003).  *See also White*, 390 F.3d at 1003; *McFadden*, 416 F.3d at 1273; *Yi*, 412 F.3d at 534; *O'Donald*, 402 F.3d at 174; *Sample*, 406 F.3d at 313; and *Perez-Olivo*, 394 F.3d at 52-53.

Because Mr. Johnson's interpretation of § 3624(b)(1) makes him eligible to receive good-conduct-time credits for time he will not serve, his interpretation is contrary to the statutory language that authorizes an award of good-conduct-time credits only at the end of each year for which the BOP determines "the prisoner has displayed exemplary compliance with institutional disciplinary regulations."  18 U.S.C. § 3624(b)(1).  Mr. Johnson cannot display exemplary compliance with institutional disciplinary regulations for a period of time during which he will not even be incarcerated.  In addition, the BOP cannot award good conduct time credits to inmates who no longer are incarcerated.  Therefore, I find that the BOP's interpretation

"comports with the statutory language of section 3624(b), and does not subvert the statutory design." **Pacheco-Camacho**, 272 F.3d at 1270.  Furthermore, the BOP's interpretation "establishes an effective and fair prorating scheme, enabling inmates to calculate with reasonable certainty the end of their imprisonment, while preventing certain prisoners from receiving disproportionate good time credits." **Id.** at 1270-71.

### III.  Conclusion

Mr. Johnson's claim that the BOP's method of calculating good conduct time credits violates 18 U.S.C. § 3624(b)(1) lacks merit.  The habeas corpus application will be denied.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed with prejudice.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  October 27, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

7